#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF SOUTH CAROLINA
#### ORANGEBURG DIVISION

| | | |
|---|---|---|
| Frederick L. Sellers, #97281-071, | ) | Civil Action No.: 5:18-cv-02735-JMC |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| B.M. Antonelli, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on November 1, 2018. (ECF No. 13.) The Report recommends that the court dismiss Petitioner Frederick Sellers' Petition for a Writ of Habeas Corpus (ECF No. 1) without prejudice based on a lack of subject matter jurisdiction. For the reasons stated below, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 13), incorporates it herein, and **DISMISSES** without prejudice the Petition for Writ of Habeas Corpus (ECF No. 1).

### I.   RELEVANT BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 13.) As brief background, Petitioner is a federal prisoner in custody at FCI-Williamsburg in South Carolina. (*Id.* at 1.) On September 21, 2001, Petitioner was convicted by a jury of nine (9) counts including kidnapping resulting in death, conspiracy to distribute fifty (50) grams or more crack cocaine, possession with intent to distribute less than five (5) grams crack cocaine, and felon in possession of a firearm. (*Id.* at 2.) Petitioner was sentenced to life for the conspiracy and kidnapping charges. (*Id.*) Petitioner is seeking habeas relief under

1

28 U.S.C. § 2241 and proceeding *pro se*.[1] (*Id.* at 1.) On November 1, 2018, the Magistrate Judge issued the Report and Recommendation at issue concluding that the Petition should be dismissed because the court lacks jurisdiction to consider it. (*Id.* at 3.) On November 14, 2018, Petitioner filed Objections to the Report and Recommendation. (ECF No. 16.) The court considers the merits of Petitioner's Objections below.

## II.   LEGAL STANDARD

### A.   Report and Recommendation

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the

---

[1] As a *pro se* litigant, Petitioner's pleadings, while accorded liberal construction and held to a less stringent standard than pleadings drafted by an attorney, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), must nevertheless allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F2d 387, 391 (4th Cir. 1990).

Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### B.   Habeas Petitions Pursuant to 28 U.S.C. § 2241

"[I]t is well established that defendants convicted in federal court are obligated to seek habeas relief from their convictions and sentences through [28 U.S.C.] § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). In contrast, a motion filed under 28 U.S.C. § 2241 is typically used to challenge the manner in which a sentence is executed. *See In re Vial*, 115 F.3d at 1194 n.5. However, a petitioner can challenge his federal sentence under § 2241 if he can satisfy the jurisdictional requirements of the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also United States v. Wheeler*, 886 F.3d 415, 426 (4th Cir. 2018) (expressly observing that "the savings clause requirements are jurisdictional"). The United States Court of Appeals for the Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of his sentence:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, 886 F.3d at 429 (citations omitted). "[I]f a petitioner cannot meet the savings clause requirements, then the § 2241 petition 'must be dismissed for lack of jurisdiction.'" *Robinson v. Hutchinson*, No. 6:19-2831-RMG-KFM, 2019 WL 7580087, at *4 (D.S.C. Nov. 26, 2019) (quoting *Rice*, 617 F.3d at 807).

### III.     ANALYSIS

#### A.     The Report and Recommendation

The Magistrate Judge determined the court lacked subject matter jurisdiction over the Petition because Petitioner failed to meet the savings clause requirements. (ECF No. 13 at 3.) Specifically, the Magistrate Judge concluded that Petitioner failed to show that § 2255 is inadequate or ineffective to test the legality of his sentence. (*Id.* at 4.) In support of this conclusion, the Magistrate Judge explained that, although Petitioner argues that *United States v. Horton*, 693 F.3d 463 (4th Cir. 2012) represents a change in the law supporting his claim that he is not subject to a murder cross-reference enhancement under U.S. Sentencing Guidelines § 1B1.3(a)(2), *Horton* has not been held to apply retroactively on collateral review. (ECF No. 13 at 4.) Further, the Magistrate Judge noted that, to the extent Petitioner relies upon *United States v. Booker*, 543 U.S. 220 (2005) to assist him in meeting *Wheeler*, *Booker* is not retroactively available on collateral review. (ECF No. 13 at 4 (citing *U.S. v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005)).)

#### B.     Petitioner's Objections

Initially, Petitioner objects to the Magistrate Judge's finding that he failed to meet the second *Wheeler* prong, arguing that, even though the United States Court of Appeals for the Fourth Circuit has not explicitly addressed the issue, this court has the authority to determine that *Horton* applies retroactively to collateral review. (ECF No. 16 at 1.) Petitioner contends that this court should conclude that *Horton* is "a substantive rule available on collateral review as it placed a

4

certain conduct beyond the government power to punish." (*Id.* at 2.) Next, Petitioner objects to the Magistrate Judge's statement that he is attempting to use *Booker* to assist him in meeting the *Wheeler* standard. (*Id.*) Petitioner contends he is not arguing that *Booker* applies retroactively to his case, but that based on the change in substantive law presented by *Horton*, his pre-*Booker* sentence "is now an error grave enough to be deemed a fundamental defect." (*Id.* at 2–3.)

C.     The Court's Review

As explained above, Petitioner cannot challenge his conviction and sentence under § 2241 without first showing that, under the savings clause of § 2255(e), a § 2255 motion is "inadequate or ineffective to test the legality of his detention." *Rice*, 617 F.3d at 807. While Petitioner must prove four (4) elements to show "inadequate or effective" relief under § 2255, the second element is at issue here.

The second *Wheeler* element, requiring that "subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review." *Wheeler*, 886 F.3d at 219. Petitioner has not shown, and this court has not found, an appellate decision that satisfies the retroactive application on collateral review element of the *Wheeler* jurisdictional prerequisite standard. Petitioner avers, however, that this court can and should find retroactive application appropriate because the *Horton* holding is a change of substantive law. (ECF No. 16 at 1 (citing *United States v. Thomas*, 627 F.3d 534, 537 (4th Cir. 2010)).) In *Thomas*, the United States Court of Appeals for the Fourth Circuit held that § 2255(f)(3) does not require that the initial retroactivity question be decided in the affirmative only by the Supreme Court. *Thomas*, 627 F.3d at 536. However, the Fourth Circuit observed the contrast in the statutory language governing retroactivity between initial petitions under § 2255(f)(3) and "second or successive" motions under § 2255(h), cautioning that successive

5

petitions must rely on a new rule of constitutional law explicitly "made retroactive to cases on collateral review by the Supreme Court." *Id.* at 536. As set forth above, Petitioner requests a writ of habeas corpus pursuant to § 2241, this is not Petitioner's initial § 2255 petition. Thus, Petitioner has failed to satisfy the *Wheeler* test, and the court does not have subject matter jurisdiction over his Petition.

The court observes that Petitioner filed a second memorandum of law (the "Memorandum") in support of his Petition for Writ of Habeas Corpus, entered into the record as a Supplement to his Objections to the Report (ECF No. 27). The Memorandum does not address or object to the Report but asserts an additional ground for relief based on the Supreme Court's holding in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The court notes that "[a]pplicable case law holds that § 2244(a) bars successive petitions under § 2241 directed to the same issue." *Thomas v. Warden of FCI-Edgefield*, No. CV 1:16-3928-RMG-SVH, 2017 WL 4481160, at *4 (D.S.C. Sept. 20, 2017). Even if Petitioner's Memorandum is not a successive petition barred under relevant law, Petitioner's arguments would fail. Petitioner argues that the Supreme Court's ruling in *Rehaif* invalidated his felon in possession of a firearm charge, entitling him to relief. (ECF No. 27 at 12.) However, "[d]istrict courts within the Fourth Circuit have consistently found that *Rehaif* has not been held to be retroactive on collateral review." *Glenn v. Barnes*, No. 6:20-cv-02025-SAL, 2021 WL 3190405, at * 3 (D.S.C. July 28, 2021) (collecting cases). Therefore, Petitioner has failed to satisfy the *Wheeler* test under this additional ground for relief.

## IV.     CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 13), incorporates it herein, and **DISMISSES** without prejudice the Petition for Writ of Habeas Corpus (ECF No. 1).

**Certificate of Appealability**

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

January 11, 2022
Columbia, South Carolina